FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2014 SEP -4 PM 2:53

MICHAEL VOTZKE,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

CASE NO.: 8:14 cv 2200 T 27 AEP

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT

**COMES NOW** Plaintiff Michael Votzke ("Votzke" or "Plaintiff"), by and through the undersigned law firm, and sues Defendant Wells Fargo Bank, N.A., and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3). Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

1



3. Venue lies in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

4. Thus, this Court has jurisdiction.

## PARTIES

5. Plaintiff Michael Votzke is a natural person resident in the City of Tampa, County of Hillsborough, State of Florida, and is a "consumer," as that term is defined by Fla. Stat. § 559.55(2).

6. Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), a national bank, does business in the State of Florida, is a "creditor," as that term is defined by Fla. Stat. § 559.55(3), as well as a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

7. All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.

8. At all times mentioned herein, the agent(s) or employee(s) of Defendant were acting within the course and scope of such agency or employment and were acting with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

9. On or about November 25, 2013, Plaintiff filed a Chapter 7 bankruptcy petition (the "Bankruptcy Petition") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"). Case No. 8:13-bk-15535-KRM, Doc. 1.

10. At the time of filing the Bankruptcy Petition, Votzke resided in a house located on Thornwood Drive in Tampa, Florida (the "Property").

11. The Property was secured by a mortgage and note held by Defendant Wells Fargo (the "Debt'), which Votzke defaulted on prior to filing the Bankruptcy Petition.

12. Included with his bankruptcy petition was a Statement of Intention, indicating that Votzke was not claiming the Property as exempt and would surrender the Property to Defendant.

13. Pursuant to 11 U.S.C. § 362(a)(1), also known as the "Automatic Stay," the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation . . . of process . . . or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case . . . or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case."

14. Pursuant to 11 U.S.C. § 524(a)(2), the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

15. Votzke obtained a Discharge Order entered by the Bankruptcy Court on March 7, 2014.

16. On March 9, 2014, Defendant was sent actual notice of Plaintiff's bankruptcy discharge by the United States Bankruptcy Court for the Middle District of Florida. Case No. 8:13-bk-15535-KRM, Doc. 11. That notice sent to Defendant states that "The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged." Further, the discharge notice sent to Defendant also states that "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted

to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor."

17. Nevertheless, after Plaintiff obtained his bankruptcy discharge, and despite being aware of Defendant's bankruptcy, Defendant continued to contact Plaintiff to collect the Debt from Plaintiff through means of harassment.

18. On April 15, 2014 and April 16, 2014, Defendant called Plaintiff eight times on his cellular telephone using an automated dialing system without his consent.

19. During those calls, Defendant attempted to collect the discharged debt from Plaintiff.

20. Plaintiff informed that Defendant that the Debt he owed to Defendant was discharged in bankruptcy. Also, Plaintiff informed Defendant that he was represented by an attorney and gave Defendant his bankruptcy attorney's contact information. Further, Plaintiff instructed Defendant to stop continuing to call him about the discharged debt.

21. Despite Plaintiff's not being liable for the Debt, despite Plaintiff's instruction to cease calling him, and despite Plaintiff providing Defendant with his bankruptcy attorney's name and contact information, Defendant continued calling Plaintiff several more times to attempt to collect the Debt.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT WELLS FARGO

22. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq.*

23. Plaintiff re-alleges and incorporate paragraphs 1 through 21, as if fully set forth herein.

24. Defendant is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

25. The Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) insofar as it is for primarily personal, family, or household purposes.

26. Defendant communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

27. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

5

28. Defendant violated Subsection (7) of the FCCPA by engaging in conduct that could reasonably be expected to abuse or harass Plaintiff when Defendant repeatedly called Plaintiff on his cell phone alleging that Plaintiff still owed the Debt and trying to collect the Debt, after (1) the Automatic Stay went into effect and the Debt was discharged in bankruptcy; (2) Plaintiff had told Defendant he had filed bankruptcy and instructed Defendant to stop calling him and stop trying to collect the Debt; (3) Plaintiff had given Defendant his bankruptcy counsel's contact information; and (4) calling Plaintiff on his cellular phone using an automated dialing system without Plaintiff's express consent.

29. Defendant violated Subsection (9) of the FCCPA by alleging that Plaintiff still owed the Debt and claiming, attempting, and threatening to enforce the Debt knowing that the Debt is not legitimate due to Plaintiff's bankruptcy, and asserted the existence of the legal right to collect the debt in violation of the discharge order and the legal right to violate the TCPA when Defendant knows that the right does not exist.

30. Defendant violated Subsection (18) of the FCCPA by alleging that Plaintiff still owed the Debt and communicating with Plaintiff knowing Plaintiff was represented by an attorney with respect to the Debt and having knowledge of Plaintiff's bankruptcy attorney's name and address.

31. All conditions precedent to this action have occurred, have been satisfied or have been waived.

32. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

33. Each telephone call, or other communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

34. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II
### VIOLATION OF THE TCPA BY DEFENDANT WELLS FARGO

35. This is an action against Defendant Wells Fargo for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

36. Plaintiff re-alleges and reincorporate paragraphs 1 through 21, as if fully set forth here-in.

37. Defendant, in the conduct of its business, used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A), to communicate with Plaintiff.

38. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --
    (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

39. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed collection calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

40. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system, knowing Plaintiff had filed bankruptcy and obtained a discharge, after Plaintiff told Defendant not to call him and after having Plaintiff's bankruptcy counsel information.

41. All conditions precedent to this action have occurred, have been satisfied or have been waived.

42. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

43. Based upon the willful, knowingly, and intentional conduct of the Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or statutory damages in the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7 and Federal Rule of Civil Procedure 38.

Dated: September 4, 2014

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
1710 N. 19th Street, Suite 205
Tampa, Florida 33605
Phone: (813) 360-1529
Fax: (813) 336-0832

_____
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF, <u>MICHAEL VOTZKE</u>

I, Michael Votzke, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____    8/21/2014
Michael Votzke                Date